JOURNAL ENTRY AND OPINION
Because Marlo Linen, under App.R. 26(B), established a genuine issue as to the effectiveness of his appellate lawyer in addressing issues relating to Judge Kenneth Callahan's compliance with R.C. 2929.19(B)(3), disclosure of post-release control sanctions under R.C. 2967.28, this court reopened the above-captioned case. For the following reasons, we dismiss this reopened appeal as moot.
 FACTUAL AND PROCEDURAL BACKGROUND
In 1997, Linen faced multiple counts of abduction, gross sexual imposition, kidnapping, and attempted rape against seven different women in State of Ohio v. Mario Linen, Cuyahoga County Common Pleas Court Case Nos. Cr-348968 and Cr-347886. By late August 1997, the State and Linen had reached a plea bargain by which the State amended the indictment by reducing one kidnapping charge to abduction and one attempted kidnapping charge to menacing by stalking. Linen pleaded guilty to seven counts of gross-sexual imposition, two counts of abduction, one count of kidnapping a minor with sexual motivation and violent sexual predator specifications, and stalking. One of the counts of gross sexual imposition was against a minor with a violent sexual predator specification. The State nolled the remaining counts. The plea agreement called for the judge to sentence Linen to a total of five years to life on all the counts. On the charge of kidnapping with the sexual motivation and sexually violent predator specifications, he was sentenced to three years to life,[1] consecutive to the two years to life sentence for gross sexual imposition with the sexually violent predator specification. The sentences for the other charges were six months, one year and two years, all to run concurrent with the other sentences.
During the plea and sentencing hearing, the judge confirmed that Linen pleaded guilty voluntarily, that he knew the possibility of bad time during prison and that he would have to register as a sexual predator. However, he did not inform Linen of the post-release control sanctions under R.C. 2929.19(B)(3)(c) and (e).[2]
On direct appeal, Linen's lawyer argued that the judge erred by failing to inform him properly about the sexual predator law or properly take the guilty plea and that his trial lawyer was ineffective. He did not, however, raise the post-release control issue under R.C. 2929.19(B)(3).
 DISCUSSION OF LAW
Linen now claims it was error for the judge to fail to inform him that he was subject to post-release control and he argues that his plea should be vacated and his case remanded for further proceedings. Before accepting a plea of guilty under R.C. 2943.032(E) and when a prison sentence is to be imposed, a judge is required to inform a defendant personally that "[i]f the offender violates the conditions of a post-release control sanction imposed by the parole board upon the completion of the stated prison term, the parole board may impose upon the offender a residential sanction that includes a new prison term up to nine months."[3] Thus, Linen reasons that because the judge did not inform him of the post-release control sanctions, it also violated R.C.2943.032, and his guilty plea was improperly taken. The remedy for an improper guilty plea, he submits, is its vacation.
However, Linen's arguments are moot because the post-release control sanctions under R.C. 2967.28, and the required disclosure thereof under R.C. 2929.19(B)(3) do not apply here. By failing to inform Linen of the post-release control sanctions, the judge excluded post-release control sanctions from his sentence.
The Supreme Court of Ohio in Woods v. Telb (2000), 89 Ohio St.3d 504,733 N.E.2d 1103, implicitly recognized this principle. In explaining the new sentencing scheme, the supreme court linked the judge's oral disclosure with "those terms [becoming] part of the actual sentence."89 Ohio St.3d at 511. Subsequently, the court held that the judge must inform the offender at sentencing or at the time of the plea that the mandatory post-release control sanctions are part of his sentence. The court then again linked the propriety of the sentence to the disclosures. 89 Ohio St.3d at 513. The necessary corollary is that if the disclosures are not made, the post-release control sanctions do not become part of the sentence.
Additionally, Linen was sentenced under R.C. Chapter 2971 on the charges with the sexually violent predator specifications, which resulted in the five year to life sentence. This chapter provides an entirely different sentencing scheme and the post-release control sanctions under R.C. 2967.28, and the disclosures under R.C. 2929.19(B)(3) and R.C.2943.032 are inapplicable by their very terms. Thus, the judge had no statutorily mandated duty to make the subject disclosures or include provisions for post-release control sanctions.
Linen was sentenced pursuant to R.C. 2971.03(A)(3), which provides that for an offender who is not convicted of aggravated murder, murder or some other offense otherwise requiring life imprisonment, the judge "shall impose an indefinite prison term consisting of a minimum term fixed by the court from among the range of terms available as a definite term for the offense, but not less than two years, and a maximum term of life imprisonment." The statutory scheme then provides the general requirement that the offender serve the entire term in a state correctional institution. R.C. 2971.05(C)(2). The parole board controls the offender's service of the term during the entire term unless the parole board terminates its control pursuant to R.C. 2971.04. The parole board "may terminate its control over the offender's service of the prison term" after the offender has served the minimum term and the parole board determines at a hearing that the offender does not represent a substantial risk of physical harm to others. R.C. 2971.04(A)
After the parole board terminates its control over an offender's service of the prison term, jurisdiction transfers back to the trial judge, and only he may modify the requirement that the offender serve the entire term in prison. R.C. 2971.05. Pursuant to appropriate safeguards and hearings, "the court may modify the requirement that the offender serve the entire prison term in a state correctional institute in a manner that the court considers appropriate." R.C. 2971.05(C)(1). R.C.2971.05(D) also permits the judge to terminate the offender's prison term, subject to the offender's successful completion of a minimum five-year conditional release period. Although the adult parole authority supervises the offender during this period, the judge retains jurisdiction over the offender and when called upon to do so, decides both whether the offender has broken the terms of the conditional release and what the consequences should be. R.C. 2971.06.
R.C. 2929.19(B)(3) does not require a judge to make disclosures concerning the sentencing scheme in Chapter 2971, nor does R.C. 2943.032(E) explicitly require a judge to inform a defendant of the modifications or conditional release under Chapter 2971. Under Chapter 2971, there is no completion of a stated prison term; the judge, not the parole board, may impose conditional release, and the judge, not the parole board, may impose sanctions. Thus, R.C. 2943.032, by its terms, does not apply to this case.
Accordingly, the issues of post-release control under R.C. 2967.28, 2929.19(B)(3) and R.C. 2943.032 are inapplicable. The court dismisses this reopened appeal as moot. The court's prior judgment in this case remains in full force and effect. Costs assessed against appellant.
LEO M. SPELLACY, P.J., AND JAMES D. SWEENEY, DISSENTS
[1] This plea automatically classified Linen as a sexual predator.
[2] R.C. 2967.28 details post-release control sanctions. R.C.2929.19(B)(3) requires specific disclosures of those sanctions at sentencing.
[3] R.C. 2967.28 allows the parole board to impose a plethora of post-release control sanctions. R.C. 2929.19(B)(3) requires the judge at sentencing to inform the defendant of many of these sanctions, including that the parole board may impose prison terms up to nine months for violations of sanctions and that the maximum cumulative prison term for all violations cannot exceed one-half of the originally stated prison term. Woods v. Telb (2000), 89 Ohio St.3d 504, 733 N.E.2d 1103.